**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-03-0011-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| David Martinez-Ramirez, | ) | |
| Defendant. | ) | |

Despite no written motion, on November 22, 2013, the Court conducted an *ex-parte* sealed and recorded hearing to determine why Defendant did not want his attorney to represent him, which was raised unexpectedly in the middle of the November 12, 2013 revocation hearing. During the *ex-parte* hearing, Defendant requested that he be permitted to represent himself, but, at times, he was nonsensical and equivocal about doing so.[1] Defendant said he wanted to represent himself because Mr. Hernandez, the fourth lawyer appointed to represent Defendant in this case since 2003 indictment was filed, would not accept and return Defendant's collect phone calls from CCA where Defendant is detained, and Mr. Hernandez would not file the motion to dismiss Defendant wanted him to file. For the reasons set forth herein, the motion is denied without prejudice.

---

[1] A defendant's failure to make a timely and unequivocal assertion of the right to represent himself acts as a waiver of that right. *See United States v. Schaff*, 948 F.2d 501, 503 (9th Cir. 1991); *Jackson v. Ylst*, 921 F.2d 882, 888 (9th Cir. 1990).

**I. Background**

At the beginning of the November 12, 2013 revocation hearing, the Court gave Defendant a clear warning, described in the hearing itself as "fair notice," that, while Defendant was free to speak quietly with his attorney, there should be no "loud outbursts" because the Court "did not want to exclude [him] from the courtroom." During the direct examination of the Government's second witness, Defendant's attorney, unexpectedly stood and indicated his client, the Defendant, had just requested that his CJA counsel's representation be terminated. It was summarily denied at that time as untimely requested. *See United States v. D'Amore*, 56 F.3d 1202, 1204 (9th Cir. 1995), *overruled on other grounds*, *United States v. Garrett*, 179 F.3d 1143 (9th Cir. 1999) (finding one factor to deny a change of counsel is the untimeliness of the motion); *United States v. Orris*, 86 Fed.Appx. 82, 88 (6th Cir. 2004) (finding that the district court did not abuse its discretion in denying a motion to substitute counsel on the last day of trial because the defendant "[w]as dissatisfied with the direction the trial was going[.]"); *United States v. Studley*, 892 F.2d 518, 522 n. 4 (7th Cir. 1989) ("[e]xperienced trial judges are well aware that . . . [a] request for a new appointed counsel [or] to proceed pro se . . . is frequently nothing more than a stalling tactic . . . [that] should be treated as such by the trial court").

Shortly after his request to terminate his counsel's representation was denied, Defendant engaged in extremely disruptive behavior, used racially-based vulgar language toward a Deputy U.S. Marshal, and, because the Court had warned him at the beginning of the hearing that he would be removed from the courtroom if he made "loud outbursts," Defendant was removed from the courtroom.[2] Defendant's highly-agitated emotional state and physical removal from the courtroom precluded the Court from conducting an immediate inquiry into the reason Defendant wanted his counsel removed from his case. Defendant did not request, at any time during the revocation hearing, that he wanted to represent himself. Moreover, appointing substitute counsel during the hearing itself would

---

[2] The specifics of Defendant's outrageous misconduct and language are detailed in this Magistrate Judge's November 22, 2013 Report and Recommendation. (Doc. 129)

- 2 -

have likely resulted in a continuance of the revocation hearing, starting it over again, and would have caused inconvenience to the witnesses, prosecution and the Court. *See United States v. Palma*, 7 Fed.Appx. 748 (9th Cir. 2001), *cert. denied*, *Ronquillo Palma v. U.S.*, 534 U.S. 938 (2001).

Similar to *United States v. Ibanez-Espinosa*, 284 Fed.Appx. 490 (9th Cir. 2008), there has been "no asserted conflict" in this case that has created a total lack of communication between Defendant and Mr. Hernandez so Defendant that was unable to present an adequate defense at the revocation hearing. While clearly Mr. Hernandez and Defendant have differing opinions of the merits of filing a motion to dismiss, "[s]trategy disagreements do not compel substitution of counsel." 284 Fed.Appx. at 491. Moreover, Defendant's untimely and equivocal request for either the appointment of new counsel or to represent himself, coupled with the Court's conducting the November 22, 2013 *ex-parte* hearing regarding why he wanted to terminate Mr. Hernandez' legal services has provided "sufficient basis for [the Court] reaching an informed decision." *Id.,* at 492 (citing *United* States v. Smith, 282 F.3d 758, 764 (9th Cir. 2002)).

The case at bar is distinguishable from *United States v. Musa*, 220 F.3d 1096 (9th Cir. 2000), which reversed the district court's disposition upon finding defendant violated the terms of his supervised release because the district court made no inquiry whatsoever into Musa's reasons for seeking substitute counsel raised at the beginning of the revocation hearing. Here, the revocation hearing was well underway when the request was made to terminate Mr. Hernandez' legal services, a hearing was conducted, albeit days later, to determine why Defendant was dissatisfied with Mr. Hernandez, and, in this Magistrate Judge's opinion, Defendant's courtroom misconduct was designed solely to disrupt or delay the revocation hearing.

**II. Presence in the Courtroom, Self-representation, and Waivers**

**A.** *Allen* **Warnings**

Both the Sixth Amendment's Confrontation Clause and Rule 43, Fed.R.Crim.P., guarantee a defendant's right to be present in the courtroom at every critical stage of his

1  trial.³ *See Illinois v. Allen*, 397 U.S. 337, 338 (1970); Rule 43(c)(1)(C), Fed.R.Crim.P.
2  Under Rule 43(c)(1)(C), a defendant waives the right to be present "when the court warns
3  the defendant that it will remove the defendant from the courtroom for disruptive behavior,
4  but the defendant persists in conduct that justifies removal from the courtroom."). "[O]nce
5  the adversary judicial process has been initiated, the Sixth Amendment guarantees a
6  defendant the right to have counsel present at all 'critical' stages of the criminal
7  proceedings." *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) (citations omitted).

8  It is well-established, however, that the Confrontation Clause does not apply to
9  revocation hearings. *See United Slates v. Hall*, 419 F.3d 980, 985 (9th Cir. 2005)
10 ("reject[ing] Hall's assertion that *Crawford* [*v. Washington*, 541 U.S. 36 (2004)] extends the
11 Sixth Amendment right to confrontation to revocation of supervised release proceedings.")
12 (citing, *inter alia*, *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) ("We begin with the
13 proposition that the revocation of parole is not part of a criminal prosecution and thus the full
14 panoply of rights due a defendant in such a proceeding does not apply to parole
15 revocations.") (footnote omitted); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)); *see also*
16 *United Slates v. Crenshaw*, 140 Fed.Appx. 836, 840 (11th Cir. 2005) (finding no plain error
17 in district court's failing to conduct a *Faretta* hearing before proceeding with defendant's
18 revocation hearing).

19 Revocation hearings are governed by Rule 32.1, Fed.R.Crim.P. Specifically, Rule
20 32.1(b)(2)(C) and (E) provide, in relevant part, that, "unless waived" by the defendant, a
21 defendant is "entitled to" an "opportunity to appear," "present evidence, and question any
22 adverse witness," and "make a statement and present any information in mitigation."
23 Fed.R.Crim.P. 32.1(b)(2). Thus, even though the Confrontation Clause does not apply to
24 revocation hearings, this Magistrate Judge concludes that a defendant has the same right to
25 be physically present in the courtroom for a revocation hearing as he does for a trial, even

---

27 ³ The Confrontation Clause provides that "[i]n all criminal prosecutions, the accused
28 shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. Amend. VI.

- 4 -

though Rule 43, Fed.R.Crim.P., does not reference post-conviction revocation hearings.

It is also undisputed that a defendant's right to be physically present at his trial and revocation hearing "is not absolute and can be forfeited if a defendant behaves in a disorderly or obstructionist manner." *United States v. Keiser*, 319 Fed.Appx. 457, at *1 (9th Cir. 2008) (citing *Allen*, 397 U.S. at 342-43); *see also United States v. Gillenwater*, 717 F.3d 1070, 1081 (9th Cir. 2013) ("We believe that trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case.") (citation and internal quotation marks omitted). In *Allen*, 397 U.S. 337, 343 (1970), the Supreme Court "explicitly h[e]ld . . . that a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." 397 U.S. at 343. Once lost, however, "the right to be present can be reclaimed as soon as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings." *Id.*

**B. Right to Represent Self**

A defendant has a constitutionally protected "right to proceed without counsel when he voluntarily and intelligently elects to do so." *United States v. Gerritsen*, 571 F.3d 1001, 1007 (9th Cir. 2009) (citing *Faretta v. California*, 422 U.S. 806 (1975)). In addition to having counsel appointed to represent a defendant, the Sixth Amendment also guarantees a defendant the right to waive counsel and represent himself at a criminal trial. *Indiana v. Edwards*, 554 U.S. 164, 170 (2008). "A probation revocation hearing has been held to be a 'critical stage' to which the right to counsel attaches." *United States v. Noblitt*, 983 F.2d 1079, at *1 (9th Cir. 1993) (citing *United States v. Donaghe*, 924 F.2d 940, 943 n. 4 (9th Cir. 1991) (citation omitted). "This right [to self-representation] exists despite the fact that, in most cases, a defendant would be better served if represented by counsel." *Bribesca v. Galaza*, 215 F.3d 1015, 1019 (9th Cir. 2000) (citation omitted). A defendant's right to self-representation does not overcome the district "court's right to maintain order in the

courtroom and conduct proceedings in a manner consonant with our trial traditions." *United States v. Mack*, 362 F.3d 597, 601 (9th Cir. 2004) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984)). A defendant's right to self-representation, however, is contingent on his being "able and willing to abide by rules of procedure and courtroom protocol." *Wiggins*, 465 U.S. at 173; *see also Faretta*, 422 U.S. at 834 n. 46 ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."). "A trial court may refuse to permit a criminal defendant to represent himself when he or she is "not able and willing to abide by rules of procedure and courtroom protocol." *United States v. Lopez–Osuna*, 232 F.3d 657, 665  (9th Cir. 2000)) (citations omitted). "[T]he government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000).

**III. Discussion**

With Defendant's significant anger control issues; his history of mental health questions raised by others; his willingness to use of loud, vulgar, and disruptive language and behavior to achieve his own goals, which did temporarily obstruct, but not terminate, the orderly administration of the November 12, 2013 revocation hearing; and his CJA counsel's independent opinion corroborating the Court's belief that Defendant will not conduct himself appropriately at the December 17, 2013 disposition or any other hearing if Defendant is allowed to represent himself, Defendant's request to represent himself will be denied without prejudice.

Based on the foregoing,

**IT IS ORDERED** that Defendant's oral request to represent himself, made during an *ex-parte* hearing on November 22, 2013, is **DENIED** without prejudice.

Dated this 26th day of November, 2013.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge